# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MELVINA SWANIGAN and ELGIN SWANIGAN, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10 C 1039 |
| | ) | |
| ARGENT MORTGAGE COMPANY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Argent Mortgage Company's (Argent) motion to dismiss.  For the reasons stated below, we grant the motion to dismiss.


## BACKGROUND

In 1997, Plaintiff Melvina Swanigan (Melvina) allegedly purchased a property in Cicero, Illinois (Property) for her home and residence (Residence).  Subsequently, Melvina's father, Plaintiff Elgin Swanigan (Elgin), allegedly moved into the Residence and took an ownership interest in the Property.  On March 30, 2004,

Plaintiffs allegedly obtained a mortgage loan (Mortgage) from Argent in the amount of $175,000.  In connection with the Mortgage, Argent allegedly provided Plaintiffs with only one copy of a Notice of Right to Cancel instead of the two copies required under the Truth in Lending Act.  Plaintiffs contend that the failure by Argent to provide two copies of the Notice of Right to Cancel extended the period that Plaintiffs could seek to rescind the Mortgage.  Plaintiffs contend that they exercised their rescission rights within the extended period, but Argent has not acknowledged the Mortgage cancellation, has not returned all funds received from Plaintiffs, and has not voided any security interest held by Argent in the Property.  Plaintiffs brought the instant action and include in their complaint one count alleging violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, naming as Defendants Argent and John Does 1-5.  Argent now moves to dismiss all claims brought against it.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable

to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750,

753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting

in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that

contains factual allegations that are "merely consistent with a defendant's liability . .

. stops short of the line between possibility and plausibility of entitlement to relief."

*Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).


## DISCUSSION

Argent contends that all claims brought by Plaintiffs are time-barred. Pursuant

to 15 U.S.C. § 1640(a), "[a]ny action under [Section 1640] may be brought in any

United States district court, or in any other court of competent jurisdiction, within

one year from the date of the occurrence of the violation or, in the case of a violation

involving a private education loan (as that term is defined in section 1650(a) of this

title), 1 year from the date on which the first regular payment of principal is due

under the loan." *Id.* Pursuant to 15 U.S.C. § 1635(f), "[a]n obligor's right of

rescission shall expire three years after the date of consummation of the transaction

or upon the sale of the property, whichever occurs first . . . ." *Id.*

In the instant action, Plaintiffs' own allegations indicate that the claims were all brought beyond the relevant limitations periods.  *See Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009)(indicating that a dismissal premised on statute of limitations affirmative defense "is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness").  Plaintiffs' allegations in the complaint indicate that they brought the instant action over five years after obtaining the Mortgage.  (Compl. Par. 9).  Thus, the complaint in this action was filed beyond the one-year limitations period for TILA damages claims premised on insufficient copies of the Notice of Right to Cancel and was filed beyond the three-year limitations period for exercising rescission rights.

Plaintiffs have also referred to a rescission demand made by them that Plaintiffs indicate was attached to the complaint as Exhibit I.  (Compl. Par. 17).  Although Plaintiffs apparently inadvertently failed to attach Exhibit I to the complaint, Argent has provided with its motion the rescission demand referred to in the complaint.  The demand is the basis for Plaintiffs' improper rescission refusal claim in this case and is central to the Plaintiffs' claim.  Thus, the court can consider the document for the purposes of the instant motion.  *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 778 (7th Cir. 2007)(referring to the rule that

"'documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim'")(quoting *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 731 n. 3 (7th Cir. 2005)).  We also note that Plaintiffs have not disputed that the rescission demand provided by Argent is the same demand referenced as Exhibit I in the complaint, nor have Plaintiffs objected to the court's consideration of the document for the purposes of the instant motion.

The allegations in the complaint and rescission demand indicate that Plaintiffs brought the instant action almost three years after Argent's alleged improper refusal to honor Plaintiffs' demand for rescission, well beyond the one-year limitations period for a damages claim based on an alleged refusal to rescind.  (Compl. Par. 15-17);(D Ex. A).  Plaintiffs do not dispute that their TILA claims are untimely based on the above-mentioned limitations periods.  (Ans. 1).  Plaintiffs contend, however, that the limitations periods were tolled due to a previously filed separate class action brought against Argent.

In *American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974), the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* at 554.  In 2005,

several actions that had been brought against Argent were consolidated as a class action in case number 05 C 7097 (Class Action).  On February 21, 2006, a stipulation for standstill was entered in the Class Action, which represented an agreement between Argent and the plaintiffs that the plaintiffs' right to rescind would not expire until further notice of the court.  On December 6, 2006, the plaintiffs in the Class Action filed a consolidated class action complaint (Consolidated Class Action Complaint).

Plaintiffs contend that the claims in the Class Action are the same claims brought in the instant action and therefore, the limitations periods for the claims that are brought in the instant action were tolled.  *See, e.g., Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)(stating that "the statute of limitations is tolled for class members until it is determined that the case cannot proceed as a class action").  However, the mere fact that the Class Action was brought by borrowers against Argent for TILA violations does not mean that Plaintiffs, suing Argent in the instant action as borrowers for TILA violations, are bringing the same claims as those in the Class Action.  Tolling based on a prior-filed class action is only proper if the later "suit raises claims that 'concern the same evidence, memories, and witnesses as the subject matter of the original class suit,' so that 'the defendant will not be prejudiced.'"  *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 355

(1983)(Powell, J., concurring)(quoting in part *American Pipe*, 414 U.S. at 562).

The Consolidated Class Action Complaint includes claims far beyond alleged violations of TILA.  The complaint also includes claims alleging violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*, the California Business & Professions Code, § 17200 *et seq.*, the California Civil Code, § 1750 *et seq.*, the Florida Mortgage Lending Act, § 494.0025, the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, the Georgia Fair Lending Act, Ga. Code Ann. § 7-6A-1 *et seq.*, and the Ohio Mortgage Broker's Act, Ohio Revised Code § 1322.01 *et seq.*.  The Consolidated Class Action Complaint also includes unjust enrichment claims, breach of contract claims, breach of the covenant of good faith and fair dealing claims, claims for declaratory and injunctive relief, fraud claims, intentional and/or negligent misrepresentation claims, negligent training and supervision claims, negligence claims, breach of fiduciary duty claims, negligent misrepresentation and intentional infliction of emotional distress claims, and accounting claims.

In the Consolidated Class Action Complaint, in regard to alleged violations of TILA, the plaintiffs allege that the disclosures provided by Argent to borrowers did not include the date that the rescission period expired, were patterned after the wrong

Federal Reserve Board form, were contradicted by another form provided, and did not include the word "monthly" in the description of the timing of the scheduled payments. (CC Compl. Par. 240). The plaintiffs in the Class Action further alleged that the disclosures made by Argent were not clear and conspicuous and the disclosures were not provided until after the loans were consummated. (CC Compl. Par. 240). The plaintiffs in the Class Action also alleged that, based on such violations of TILA, their rescission demands were timely and Argent improperly refused to honor the demands. (CC Compl. Par. 327-358).

Plaintiffs' allegations in the instant action that Argent did not provide them with two copies of the Notice of the Right to Cancel were not part of the claims included in the Class Action. The mere fact that the plaintiffs in the Class Action attempted to rescind their loans within the extended rescission period, that Argent refused to honor the demands, and that Plaintiffs allege certain general facts in the instant action does not mean the claims are the same. The specific alleged violations of TILA that allegedly led to the extended rescission period and the basis of Argent's alleged refusal to honor the demands are different in the instant action from those in the Class Action. Plaintiffs also point to the general allegations included in the Consolidated Class Action Complaint that Argent failed to provide disclosures as required under TILA and that Argent did not provide the disclosures or copies until

after the loans were consummated.  (Ans. 3-4).  However, the Consolidated Class

Action Complaint further specified what disclosures were not provided and specified

how the disclosures were substantively deficient.  Plaintiffs are not alleging in the

instant action that the Notice of Right to Cancel provided to them was substantively

deficient.  Nor have Plaintiffs alleged in the instant action that Argent withheld

disclosure documents until after the loan was consummated.  Plaintiffs' allegations

indicate that Argent failed to provide them an extra copy of the Notice of Right to

Cancel and did not intend to do so.  There are no allegations in the instant action that

Argent was merely withholding the requisite number of copies until after the

Mortgage was consummated.  Plaintiffs in this case are not contending that

disclosures provided by Argent were misleading or incomplete as alleged in the

Class Action.

In the concurring opinion in *Crown*, the Supreme Court explained that

"[c]laims as to which the defendant was not fairly placed on notice by the class suit

are not protected under *American Pipe* and are barred by the statute of limitations."

462 U.S. at 355.  In regard to the TILA claims presented in the instant action

regarding whether Argent provided Melvina and Elgin with two copies of the Notice

of Right to Cancel, Argent was not provided with fair notice of such claims in the

Class Action.  The filing of the Class Action tolled only certain TILA claims, not all

TILA claims that could conceivably be brought against Argent or even all instances where Argent allegedly improperly refused to honor a rescission demand.  Plaintiffs have not shown that the individual factual issues in this case relating to whether they were provided with two copies of the Notice of Right to Cancel would involve the same evidence or memories that would be at issue in the Class Action.  Thus, the limitations periods of Plaintiffs' claims in the instant action were not tolled by the filing of the Class Action, and based on the allegations in the complaint, the claims in the instant action are untimely.  Therefore, we grant Argent's motion to dismiss.  We note that Plaintiffs have also listed John Does 1-5 as Defendants in this case.  Plaintiffs have not identified the John Does and such claims are untimely as well for the same reasons stated above.  Thus, we also dismiss the claims brought against John Does 1-5.

## CONCLUSION

Based on the foregoing analysis, we grant Argent's motion to dismiss.  We also dismiss the claims brought against John Does 1-5.

Samuel Der-Yeghiayan
United States District Court Judge


Dated:  July 14, 2010