# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1039 | **DATE** | 11/8/2010 |
| **CASE TITLE** | Melvina Swanigan vs. Argent Mortgage Company, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion, pursuant to Rule 59, to alter or amend the judgment entered on 07/14/10 [23] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    This matter is before the court on Plaintiffs' motion to alter or amend judgment. On July 14, 2010, we granted Defendant Argent Mortgage Company's (Argent) motion to dismiss and dismissed the remaining claims brought against John Does 1-5. Plaintiffs request that the court reconsider that ruling. Although Plaintiffs contend that they are bringing the instant motion pursuant to Federal Rule of Civil Procedure 59(e) (Rule 59(e)), the instant motion does not fall within the time period for the filing of a Rule 59(e) motion. Rule 59(e) provides that a Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court entered judgment in this action on July 14, 2010, and Plaintiffs filed the instant motion on August 13, 2010, thirty days after the entry of judgment. Thus, the instant motion cannot be premised on Rule 59(e) and is therefore deemed to be based on Federal Rule of Civil Procedure 60(b). *See Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2001)(indicating that when a Rule 59(e) motion is not filed within the time limit prescribed by the rule, the motion "'automatically becomes a Rule 60(b) motion.'")(quoting *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994)).

    A court should grant a Rule 60(b) motion "only in exceptional circumstances" because "[r]elief

under Rule 60(b) is an extraordinary remedy. . . ." *Id.* at 762 (internal quotations omitted)(quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995)); *see also Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009)(stating that "relief under Rule 60(b) is 'an extraordinary remedy and is granted only in exceptional circumstances'")(quoting in part *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000)).

Plaintiffs contend that the court erred in dismissing the instant action. Plaintiffs argued in opposition to Argent's motion to dismiss that the statute of limitations for Plaintiffs' claims were tolled during the pendency of a class action lawsuit (Class Action), which Plaintiffs contended involved the same issues presented in the instant action. In granting Argent's motion to dismiss, we noted the many differences between the claims in the instant action and those in the Class Action. (7/14/10 MO 7-10). Plaintiffs contend that the court erred by concluding that the Class Action and the instant action do not involve "the same factual underpinnings." (Recon. 2). However, the court did not make any such holding and never used the phrase "factual underpinnings" in its ruling. It was Plaintiffs, in their response to the motion to dismiss, who used the phrase "factual underpinnings," not the court. (Ans. Dis. 3).

Plaintiffs also argue that "this Court appeared to take the position that the allegations made in the class action must completely mirror those in [Plaintiffs'] claim in order for tolling to be allowed," and that the court should have considered the holding in *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983), which requires a court to assess whether the actions involve the same evidence, memories, and witnesses. (Recon. 3). However, the court never stated that the Class Action complaint (Class Action Complaint) needed to completely mirror the complaint in the instant action. The court, in fact, did exactly as Plaintiffs advocate in their motion for reconsideration. Citing to *Crown*, the court assessed whether the instant action raises claims that concern the same evidence, memories, and witnesses as the subject matter of the Class Action. (7/14/10 MO 6, 10); *see also, e.g., Crown,*, 462 U.S. at 355 (Powell, J., concurring). Plaintiffs have not shown that the court erred in concluding that the instant action does not raise claims that concern the same evidence, memories, and witnesses as the subject matter of the Class Action.

Plaintiffs also contend that the court erred in finding that Plaintiffs had failed to point to allegations in the Class Action Complaint, other than general allegations, that indicated that the defendant in the class

| STATEMENT |
|---|

action (Class Action Defendant) failed to provide the necessary number of copies of the Notice of Right to Cancel. Plaintiffs argue that the court "may have overlooked other allegations found in the" Class Action Complaint, such as the allegations in paragraph 7 of that complaint (Paragraph 7). (Recon. 3). The court fully considered the allegations in the Class Action Complaint, including Paragraph 7. Plaintiffs point out that Paragraph 7 alleges that the Class Action Defendant "fails to provide required disclosures, including the statutorily mandated Notice of Right to Cancel. . . ." (Recon. 3). However, as explained in the court's prior ruling, in the instant action, Plaintiffs have not alleged that they were not provided with a Notice of Right to Cancel prior to the pertinent transaction. (7/14/10 MO 8-9). Instead, the instant action is premised on Argent's alleged failure to provide Plaintiffs with the requisite number of copies of the Notice of Right to Cancel. Plaintiffs have not shown that the court failed to consider any allegations in the Class Action Complaint that would warrant a different result in the instant action. Plaintiffs also have submitted a third-party complaint that they contend Argent filed in the litigation connected to the Class Action, which Plaintiffs contend sheds light on this case. However, Plaintiffs have not explained why they are only now presenting such materials and could not have presented the third-party complaint in response to the motion to dismiss. Nor have Plaintiffs provided legal support for the proposition that a court should consider a third-party complaint to assess whether the mootness exception is appropriate based on a similar class action.

     Plaintiffs have not shown in the instant motion that the court made any error in granting Argent's motion to dismiss and have not shown that the ruling dismissing the instant action should be vacated. Therefore, we deny the instant motion. We also note that, even if the instant motion had been timely filed as a Rule 59(e) motion, Plaintiffs have not shown that the ruling dismissing the instant action should be vacated.